# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JOSEPH HARDIN DAVIS,           )
                               )
    Plaintiff,                 )
                               )
v.                             )   CIVIL ACTION NO.:
                               )
AMO RECOVERIES, Inc., a corporation )
a/k/a ASSET MANAGEMENT         )
OUTSOURCING RECOVERIES, Inc.   )
                               )
    Defendant.                 )

## COMPLAINT

COMES NOW the Plaintiff, Joseph Davis, and asserts the following claims for relief against the Defendant, AMO Recoveries, Inc. a/k/a Asset Management Outsourcing Recoveries, Inc.

### Introduction

1. This is an action brought by the Plaintiff for actual and statutory damages, attorneys' fees and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (Hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama State Law set forth herein.

### Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331; §1332; and §1367. Venue is proper in that the Defendant transacted business here and the Plaintiff resides here.

### Factual Allegations

3. The Plaintiff, Joseph Hardin Davis, is over the age of twenty-one (21), is a citizen of the State of Alabama, and resides in Trussville, Jefferson County, Alabama.

4. The Defendant, AMO Recoveries, Inc. a/k/a Asset Outsourcing Recoveries, Inc., a corporation whose correct corporate status is unknown to the Plaintiff at this time, was, at all respects and at all times relevant herein, doing business in the State of Alabama.

5. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector", as defined by the FDCPA 15 U.S.C. §1692a(6).

6. The Defendant called and/or communicated with the Plaintiff beginning on or about May 1, 2004 and continuing thereafter.

7. The Defendant called the Plaintiff regarding a Target account which did not belong to the Plaintiff and which the Plaintiff did not owe.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

8. The Plaintiff adopts the averments and allegations of paragraphs 1 through 7 hereinbefore as if fully set forth herein.

9. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

10. The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

11. The Defendant violated §1692c(a)(3) by continuing to contact the Plaintiff at his place of employment after Defendant knew or had reason to know that the Plaintiff was prohibited from receiving such communications.

12. The Defendant violated §1692s by engaging in conduct the natural consequence of which was to harass, oppress or abuse the Plaintiff in the following ways:

    (A) By threatening the use of violence or other means of harm to the Plaintiff in violation of §1692d(2).

    (B) By using language the natural consequence of which is to abuse the hearer in violation of §1692d(2).

    (C) By repeatedly telephoning the Plaintiff with the intent to annoy, abuse or harass the Plaintiff in an effort to coerce them into paying a debt in violation of §1692d(5).

    (D) By failing to make meaningful disclosure of the caller's full identity in violation of §1692d(6).

13. The Defendant violated §1692e by making false and misleading representations to the Plaintiff. At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false. Said representations made by Defendant was made recklessly, willfully and/or intentionally.

14. The Defendant falsely represented or implied that nonpayment of any debt would result in the arrest or imprisonment of any person or the seizure, garnishment, attachment or sale of any property or wages of any person when such action was not lawful and/or when the Defendant did not intend to take such action in violation of §1692e(4).

15. The Defendant threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

16. The Defendant communicated or threatened to communicate to a person credit information which was known or which should have been known to be false in violation of §1692e(8).

17. The Defendant failed to communicate that a disputed debt was disputed in violation of §1692e(8).

18. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

19. In violation of §1692g(b), after receiving notification from the Plaintiff that the debt was disputed, the Defendant failed to cease collection of the debt, or any disputed portion thereof.

20. As a proximate result of the Defendant's actions, the Plaintiff was cause to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, nervousness, family discord, physical sickness, physical pain and mental anguish.

## COUNT TWO
## INVASION OF THE RIGHT OF PRIVACY

21. The Plaintiff adopts the averments and allegations of paragraphs 1 through 20 hereinbefore as if fully set forth herein.

22. The Defendant undertook and/or directed a series of communications to the home and workplace of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for Plaintiff's right to privacy after repeated requests that the Defendant no longer contact him. Said communications were

made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt he did not owe.

23. Said invasions were intentional, willful, malicious and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were the employees of and acting on behalf of the named Defendant.

24. Plaintiff repeatedly and continuously denied responsibility for the debt and requested that Defendant stop communicating with the Plaintiff. Plaintiff further advised Defendant that the account was not his account and requested Defendant to properly submit the bill for payment. Defendant refused. The continued communications to the Plaintiff's home created emotional distress, fright, physical illness and pain and mental anguish. The Defendant refused to cease communicating directly with the Plaintiff.

25. Said communications constitute an unwarranted and/or wrongful intrusion into the Plaintiff's private activities, as well as an intentional intrusion into his solitude and seclusion.

26. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer worry, fright, humiliation, loss of sleep, anxiety, nervousness, family discord, physical pain and sickness and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

27. The Plaintiff adopts the averments and allegations of paragraphs 1 through 26 hereinbefore as if fully set forth herein.

28. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

29. The Defendant knew or should have known that said conduct was improper.

30. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

31. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

32. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

(A) Declaratory judgment the Defendant's conduct violated the FDCPA;
(B) Actual damages for Defendant's violations of the FDCPA;
(C) Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k;
(D) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;
(E) Compensatory and punitive damages in the amount of $250,000 on Plaintiff's claim for damages due to the Defendant's Invasion of Privacy and Reckless and Wanton Training and Supervision of employees; and
(F) For such other and further relief as the Court may deem just and proper.

Penny D. Hays (ASB-6309-A63P)
Attorney for Plaintiff

**OF COUNSEL**:
ALABAMA INJURY LAWYERS, P.C.
401 Office Park Drive
Birmingham, Alabama 35223

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Attorney for Plaintiff

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT**:
AMO Recoveries, Inc.
a/k/a Asset Management Outsourcing Recoveries, Inc.
1825 Barrett Lakes Blvd. NW
Suite 250
Kennesaw, Georgia 30144